IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ANTHONY BARRON, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **7:07-CV-29 (HL)** |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

_____

**RECOMMENDATION**

The Commissioner has filed a motion to dismiss this action for being untimely filed.

On December 28, 2006, the Appeals Council denied Plaintiffs request for review of the Administrative Law Judge's ("ALJ") denial of his claim for disability insurance benefits. This action by the Appeals Council rendered the ALJ's decision the final decision of the Commissioner giving rise to judicial review within sixty days of receipt. Plaintiff had sixty days from his receipt of the Appeals Council's notice to request judicial review. See 42 U.S.C. § 405 (g). To be considered timely, Plaintiff must have commenced his civil action on or before March 5, 2007. The instant action was commenced March 21, 2007.

Sections 405 (g) and (h) of the Social Security Act, 42 U.S.C. § 405 (g) and (h) authorize judicial review in cases arising under Title II of the Social Security Act.  Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to

>him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) provides:

>No finding of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Where a right, such as the right to sue, is a creature of statute, and the statute provides a special remedy, that remedy is exclusive.  United States v. Babcock, 250 U.S. 328, 331 (1919).  Congress may prescribe the procedures and conditions under which judicial review of administrative orders may proceed. See Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336 (1958).  The exclusive jurisdictional basis for judicial review of final decisions on claims arising under Title II and/or Title XVI of the Act is provided for and limited by sections 205 (g) and (h), 42 U.S.C. § 405 (g) and (h).

   The Commissioner, by regulations published December 9, 1976 in the Federal Register, 41 F.R. 53792, 20 C.F.R. § 422.210(c), has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review of the presiding officer's decision or of the Appeals Council's decision. See also 20 C.F.R. § 404.981.

   The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. See 20 C.F.R. § 404.901, 422.210(c). The Commissioner has interpreted this provision to mean that a complaint is timely filed if it is filed within sixty-five days of the date on the Appeals Council notice. See also 20 C.F.R. §§ 404.901, 404.981, 422.210(c).

   In this case, Plaintiff's complaint was filed on the seventy-sixth day and thus is untimely.

The sixty day statute of limitations for commencing a civil action expired on March 5, 2007. Plaintiff did not file his civil action until March 21, 2007, sixteen days after the statute of limitations had run.

Plaintiff, who is proceeding *pro se*, states that he did not realize that he had to count the weekends in determining the time limit, and instead only counted the business days.

In Califano v. Sanders, 430 U.S. 99, 108 (1977), the Supreme Court stated that "the congressional purpose, plainly evidenced in section 205(g), [was] to impose a sixty-day limitation upon judicial review of the [Commissioner's] final decision …" Conditions on the waiver of sovereign immunity must be strictly construed. See Block v. North Dakota, 461 U.S. 273, 287 (1983).

In Bowen v. City of New York, the Supreme Court ruled that the sixty day period specified in section 205(g) of the Act is a period of limitation, which in a rare case can be tolled by the Commissioner or the courts. The Court stated, however, that in most cases the Commissioner should make the determination whether to extend the sixty day period and that only "where the equities in favor of tolling the limitation period are so great that deference to the agency's judgment is inappropriate" should the courts extend the period. See Bowen v. City of New York, 476 U.S. 467, 480, 106 S.Ct. 2022 (1986).

While the undersigned is not unsympathetic to plaintiff's plight, plaintiff could have contacted the Social Security Administration directly if he had a question as to how to count the deadline period.  Therefore, it is the RECOMMENDATION of the undersigned that the Commissioner's Motion to Dismiss be **GRANTED**, and that this action be DISMISSED without prejudice.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this

recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 6th day of October, 2009.

                                          //S Richard L. Hodge
                                        RICHARD L. HODGE
                                        UNITED STATES MAGISTRATE JUDGE

msd